IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHARLENE JOHNSON, et al., | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| ADVANCE AMERICA, CASH ADVANCE, | : | NO. 07-3142 |
| CENTERS, INC., et al. | : | |

**MEMORANDUM AND ORDER RE MOTION TO AMEND AND REQUEST FOR STAY**

There are two matters outstanding in this case: Plaintiffs' Motion for Leave to File Amended Class Action Complaint (ECF No. 101) and Plaintiffs' request for a stay of arbitration pending the Third Circuit's decision in Homa v. American Express Co., No. 11-3600. For the following reasons, the Court DENIES both motions.

**I.      Plaintiffs' Motion to Amend**

Plaintiffs filed a Motion for Leave to File Amended Class Action Complaint (ECF No. 101) on April 6, 2012. On April 23, 2012, Defendants filed a Response (ECF No. 102), opposing the Motion. Plaintiffs filed a Reply (ECF No. 103) on April 27, 2012.

Plaintiffs propose to add a count under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1964(c). The Court will deny the Motion for two reasons. First, as Plaintiffs admit, the proposed amendment is duplicative and intended to avoid arbitration. This Court ordered the parties to proceed to arbitration on August 18, 2011. Order (ECF No. 86), amended by Order Amending Order of August 18, 2011 (ECF No. 88). The Court finds that it would be unfair to Defendants to allow any further delay in arbitration of Plaintiffs' current claims. As Judge Jones pointed out in his recent order denying the plaintiffs' request to

1

add a RICO claim in a similar case, the Supreme Court decided AT&T Mobility, LLC v. Concepcion, 131 S. Ct 1740 (2011) on April 27, 2011—ten months before Plaintiffs here raised the potential amendment in the alternative in their Motion for Reconsideration (ECF No. 95). See Ex. A. to Defs.' Notice of Recent Authority (ECF No. 104), Alfeche v. Cash America Int'l, Inc., No. 09-cv-953 (E.D. Pa. June 14, 2012) (quoting UMW of Am. v. Lehigh Coal & Navigation Co., No. 02-cv-520, 2004 U.S. Dist. LEXIS 24393, at *7 (M.D. Pa. Dec. 6, 2004) (explaining that the court cannot ignore "truly undue or unexplained delay")).

Second, the proposed amendment is conclusory and inadequate under Federal Rule of Civil Procedure 8. A valid complaint requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) clarified that the Court's decision in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), which required a heightened degree of fact pleading in an antitrust case, "expounded the pleading standard for 'all civil actions.'" 555 U.S. at 684.

Iqbal explained that although a court must accept as true all of the factual allegations contained in a complaint, that requirement does not apply to legal conclusions; therefore, pleadings must include factual allegations to support the legal claims asserted. Id. at 678, 685. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678 (citing Twombly, 550 U.S. at 555); see also Phillips v. County of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008) ("We caution that without some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice,' but also the 'grounds' on which the claim rests." (citing Twombly, 550 U.S. at 556 n.3)). Accordingly, a plaintiff must plead "factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556). A complaint must do more than allege the plaintiff's entitlement to relief: a complaint has to "show" such entitlement with its facts. Fowler v. UPMC Shadyside, 578 F.3d 203, 210-211 (3d Cir. 2009).

The Court finds that Plaintiffs' proposed RICO count does not include sufficient factual support to state a plausible claim that Defendants are liable to Plaintiffs under RICO.

**II.     Plaintiffs' Request for Stay**

When this Court, in an Order dated March 28, 2012 (ECF No. 100), denied Plaintiffs' Motion for Reconsideration of Order Denying Certification (ECF No. 95), it instructed the parties to advise the Court by letter of their respective positions regarding Plaintiffs' alternate request for a stay pending the decision in Homa v. American Express Co., No. 11-3600.

Plaintiffs argue that they cannot vindicate their statutory rights if they are forced to arbitrate their claims individually. Pls.' Memo. in Support of Pls.' Mot. to Reconsider at 8.  They contend that Concepcion does not apply to cases in which plaintiffs can prove that a class-arbitration waiver eliminates their ability to vindicate their statutory rights effectively.  They request a stay until the Third Circuit decides in Homa whether Concepcion applies in such instances. Pls.' Letter Br. at 1.

Defendants respond that Third Circuit precedent clearly establishes that Concepcion applies to the current case, and therefore that there is no uncertainty in the law that would justify a stay pending the Third Circuit's decision in Homa.  Defendants assert that Plaintiffs are merely attempting to postpone inevitable individual arbitration as long as possible despite there being no basis for a stay.

The Court agrees with Defendants that a stay is unjustified. As this Court noted in its August 21, 2011 Memorandum Regarding Enforceability of Class-Action Waivers, in Litman v. Cellco Partnership, 655 F.3d 225 (3d Cir. 2011), "the Third Circuit adopted a 'broad and clear' understanding of Concepcion: 'a state law that seeks to impose class arbitration despite a contractual agreement for individualized arbitration is inconsistent with, and therefore preempted by, the [Federal Arbitration Act ("FAA")], irrespective of whether class arbitration is desirable for unrelated reasons.'" Memorandum (ECF No. 87) at 9 (quoting Litman, 655 F.3d at 231)).

The Third Circuit recently reiterated this expansive view of Concepcion in Quilloin v. Tenet HealthSystem Philadelphia, Inc., 673 F.3d 221 (3d Cir. 2012). There, the Third Circuit held that the FAA preempted a Pennsylvania law finding class-actions "waivers substantively unconscionable where 'class action litigation is the only effective remedy' such as when 'the high cost of arbitration compared with the minimal potential value of individual damages denie[s] every plaintiff a meaningful remedy." 672 F.3d at 233. The Third Circuit then determined that the Pennsylvania law was preempted because it "seeks to impose class arbitration despite a contractual agreement for individualized arbitration." Id.

The Court also notes that the Third Circuit has declined to hear oral argument in Homa. Homa v. American Express Co, No. 11-3600 (3d Cir. June 12, 2012) (letter from the clerk advising counsel that no oral argument will take place). There is little reason to expect that in Homa the Third Circuit will depart from its previous precedential opinions.

In view of this Third Circuit precedent, the Court concludes that there is no reason to delay arbitration in this case any further. The Court will therefore deny Plaintiffs' request for a stay. See Alfeche, No. 09-cv-953 (E.D. Pa. June 14, 2012) (denying plaintiffs' alternative request

4

for a stay pending the Third Circuit's resolution of <u>Homa</u>).

### III. Order

Accordingly, it is hereby ORDERED that the following motions are DENIED:

1. Plaintiffs' Motion for Leave to File Amended Class Action Complaint (ECF No. 101).

2. Plaintiffs' Motion for Reconsideration of Order Denying Certification (ECF No. 95).

BY THE COURT:

Date: 6/22/12                                    /s/ Michael M. Baylson
                                                 _____
                                                 Michael M. Baylson, U.S.D.J.

O:\CIVIL 07-08\07-3142 Johnson v Advance\Johnson v Advance Order re Mtn to Amend.wpd